United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WELLS FARGO BANK NA, | No. C-11-03937-DMR |
| Plaintiff, | **ORDER APPOINTING EX PARTE RECEIVER AND PRELIMINARY INJUNCTION IN AID OF RECEIVER** |
| v. | |
| ALUM LANDLORD (DE) QRS16-105 INC, | |
| Defendant. | |

Upon a reading of the Complaint herein (the "Complaint") and that certain Stipulation for Ex Parte Appointment of Receiver (the "Stipulation"), entered into between Plaintiff Wells Fargo Bank, N.A., as Trustee for the Registered Holders of J.P. Morgan Chase Commercial Mortgage Securities Trust 2007-CIBC 20 Commercial Mortgage Pass-Through Certificates, Series 2007-CIBC 20 ("Trust" or "Plaintiff") acting by and through C-III Asset Management LLC, its Special Servicer ("C-III") and Defendant Alum Landlord (DE) QRS16-105, Inc. ("Borrower" or "Defendant") and good cause appearing for the ex parte appointment of a receiver in the above-entitled action (this "Action"):

## **ORDER APPOINTING RECEIVER**

IT IS HEREBY ORDERED THAT Eric Johnson be and hereby is appointed receiver

(in such capacity, the "Receiver") in this Action over the Subject Properties[1] which include, without limitation, the real properties commonly known as 6969 West 73rd Street, Bedford Park, Illinois, 5625 Firestone Blvd., South Gate, California, 30526 San Antonio Street, Hayward, California, 3663 Bandini Blvd., Los Angeles, California, 2500 E. Chambers Street, Phoenix, Arizona, 720 Cel-River Drive, Rock Hill, South Carolina and 2000 Siber Road, Houston, Texas subject to the condition that, before entering upon his duties as a Receiver, he shall take the oath and file a bond with a surety thereon in the sum of $150,000.00 to secure the faithful performance of his duties as such Receiver.

IT IS FURTHER ORDERED that the Receiver shall have the following powers and responsibilities:

1. To enter, gain access to and take possession of the Subject Properties and the Rents (as that term is defined in the Loan Documents) notwithstanding Plaintiff's enforcement of its right prior to the filing of the Action to require Rents to be deposited into the Cash Collateral Account (as that term is defined in the Cash Management Agreement), to exclude and evict the Defendant, or anyone claiming under or through the Defendant therefrom who are not under valid leases or rental agreements to use, operate, manage and control the Subject Properties, to receive the Rents, to care for, preserve, protect, secure and maintain the Subject Properties and the Rents and incur the expenses necessary for such care, preservation and maintenance; and to do all things and to incur the risks and obligations ordinarily incurred by the Defendant, managers and operators of similar businesses and properties, as such Receiver, and no risks or obligations so incurred shall be at the personal risk or obligation of the Receiver, but shall be a risk or obligation of the receivership estate;

///

2. To demand, collect and receive the Rents in the possession of the Defendant, or now due and hereafter coming due from the tenants or lessees of any portion of the Subject

---

[1] All capitalized terms not otherwise defined in this Order shall have the meanings ascribed to them in the accompanying Stipulation for Ex Parte Appointment of Receiver.

Properties;

3. To let, rent or lease from time to time any part of the Subject Properties, subject to the written approval of the Plaintiff in its sole discretion, to keep the building thereon insured and in good repair, and, in connection with that letting, renting or leasing, to supervise and manage any construction at any of the Subject Properties to be undertaken by any of the Defendant under any lease of that Subject Property (including a lease thereof that any Defendant is entitled hereunder to enter into after qualification of the Receiver) and, to the extent that the Plaintiff advance funds to pay for said construction, the Receiver shall supervise and manage the same;

4. To take possession of and receive from any and all banks, savings and loan associations and/or any financial institutions any monies and funds on deposit in said banks, savings and loan associations and/or any financial institutions in the name of the Defendant, to the extent that said accounts contain the Rents generated by or arising out of the Subject Properties, and the Receiver's receipt of said monies and funds shall discharge said banks, savings and loan associations and/or any financial institutions from further responsibility for accounting to said account holder for monies and funds for which the Receiver shall give his receipt;

5. To take possession of all the books and records of the Defendant pertaining to the Subject Properties including, without limitation, construction contracts, bids, subcontracts, permits, licenses, blueprints, architectural documents, plans, and specifications from the Defendant, wherever located, as the Receiver deems necessary for the proper administration, management and/or control of the estate, but said books and records shall be made available to the Defendant as is reasonably necessary;

6. To execute and prepare all documents and to perform all acts, either in the name of the Defendant or in the Receiver's own name, which are necessary or incidental to preserving, protecting, managing and/or controlling the Subject Properties and the receivership estate; provided, however, that the Receiver will not, in so acting, be deemed to be an agent of the Plaintiff or the Defendant, and any monetary obligations incurred by the Receiver in operating, managing, controlling, caring for, preserving, protecting, securing or maintaining the Subject

Properties will nonetheless be obligations of the receivership estate and not personal obligations of the Receiver, Plaintiff or the Defendant;

7. To employ agents, servants, employees, guards, clerks, accountants, construction managers, on-site managers and management consultants to administer the receivership estate and to collect the Rents, manage the Subject Properties, and keep the same insured and in good repair, if the Receiver shall deem the same necessary, and to pay the reasonable value of said services out of the Rents received;

8. For each insurance policy presently covering or with respect to any of the Subject Properties that provides insurance for or with respect thereto that is required by the Loan Documents (those policies, whether for any of the Subject Properties individually or under a blanket policy, collectively, the "Required Policies"), Defendant shall keep that Required Policy in place to cover or with respect to each of the Subject Properties for a period of thirty calendar days from the date of entry of this Order. Upon the qualification of the Receiver, the Defendant shall (i) as soon as is practicable advise the Receiver of the nature, extent, and status of all Required Policies; and (ii) reasonably cooperate with the Receiver in having the Receiver made an additional insured under each Required Policy. Defendant shall also provide the Receiver with the identity of the Defendant's insurance companies, insurance agent's names and contact information and provide the Receiver with copies of all their current insurance policies relating to the Subject Properties. The Receiver is ordered to procure insurance policies to replace the Required Policies on or before thirty calendar days have elapsed from date of entry of this Order;

9. To hold the monies coming into possession of the Receiver pursuant to his operation of the business thereto, and not expended for any of the purposes herein authorized, shall be held by said Receiver for the payment of the Defendant's obligations to Plaintiff sued upon in the Complaint;

10. To establish bank accounts for the deposit of monies and funds collected and received in connection with the Receiver's administration of the receivership estate, at any financial

United States District Court
For the Northern District of California

institution the Receiver deems appropriate, provided that any funds on deposit at said financial institution are fully insured by an agency of the United States government;

       11.     To institute ancillary proceedings in this state or other states and countries as are necessary to preserve and protect the receivership estate, and the Receiver may engage the services of legal counsel, if necessary, upon prior approval of this Court and notice to the Plaintiff and Defendant. The Receiver may pay for such services from the funds of the receivership estate;

       12.     The Receiver shall, within thirty (30) days of his qualification hereunder, file in this action an inventory of the Subject Properties which he shall have taken possession pursuant to this Order and shall file supplemental inventories as needed;

       13.     To prepare a monthly report reflecting the Receiver's fees and administrative costs and expenses incurred for said period in the operation and administration of the receivership estate. The Receiver shall serve upon the parties a monthly report which includes a narrative report of events, a financial report which shall include, without limitation, a statement of all income received and expenses incurred by the Receiver for the preceding month and on a year to date basis, a statement of all fees paid to the Receiver, employees and professionals showing itemized services, a breakdown of the services by 1/10 of an hour increments, if the fees are hourly, the hourly fees, and if the fees are on another basis, that basis. Upon completion of the monthly report and the mailing of such statement to the parties' respective attorneys of record, or any other designated person or agent, and if no objection is received within 10 calendar days after the mailing of the monthly report, the Receiver shall pay from the estate funds, if any, the amount of said statement based upon the fee schedule set forth in the Declaration of the Receiver filed in support of the Stipulation for Ex Parte Appointment of Receiver. Despite the periodic statement of Receiver's fees and administrative expenses, such fees and expenses shall be submitted to this Court for its approval and confirmation, in the form of a stipulation among the parties, or the Receiver's final accounting and report;

       14.     If there are insufficient funds in the receivership estate to pay expenses of the receivership, the expenses of the receivership estate may be paid by the Plaintiff or advanced to the

Receiver by the Plaintiff, in their sole and absolute discretion, opinion and judgment of the Plaintiff, and the Receiver shall issue Receiver's Certificates of Indebtedness to the Plaintiff in the amount of any such payments or advances, all subject to the right of the Receiver or the Plaintiff, in their discretion, to seek further orders of this Court with respect thereto. Any such Certificates of Indebtedness issued by the Receiver to the Plaintiff shall not be the personal obligation of the Receiver but the obligation of the receivership estate;

15. The Receiver shall not be responsible for payment of any real property taxes, utility bills, mechanic's liens, federal and state liens, construction contracts, unpaid payroll expenses or other unpaid invoices for services, materials, labor or utilities incurred by the Defendant, or for the benefit of, the Subject Properties prior to the Receiver taking possession of each of the Subject Properties. No utility or other vendor may terminate service or the provision of other goods or services to the Subject Properties as a result of the non-payment of pre-receivership obligations, without prior order of this Court;

16. The Defendant, their agents, servants, employees or representatives, or all persons or entities acting under or in concert with the Defendant, on receipt of a copy of this Order shall provide the Receiver with the Tax Identification numbers utilized by the Defendant for the construction or operation of the Subject Properties. The Receiver shall be entitled to utilize the aforementioned Tax Identification numbers during his operation of the Subject Properties;

17. Pursuant to the provisions of 20 U.S.C. § 754, the Receiver shall file a copy of the Complaint previously filed by Plaintiff in this Action and this Order in the United States District Court for each district in which the Subject Properties are located on or before 10 days have elapsed from the date of the entry of this Order;

18. The Receiver shall be authorized to open all mail addressed to the Defendant at the Subject Properties; provided, however, the Receiver shall not be authorized to open mail to the Defendant which states on the mailing envelope that it is subject to the attorney-client privilege and further provided that the Receiver shall not be entitled to open any mail addressed to an individual at

the Subject Properties. The Receiver is authorized to make copies of any opened mail, and then forward this mail to the addressed to the Defendant at the addresses provided by the Defendant;

19. The Receiver and the parties to this case may, at any time, apply to this Court for further or other instructions or orders and for further powers necessary to enable the Receiver to perform the Receiver's duties properly;

20. The Receiver is authorized to endorse checks payable to the Defendant from Rents, General Intangibles (as that term is defined in the Loan Documents) and/or evidencing tax refunds to send notice to accounts receivable debtors of the Defendant directing the same to make payments due to the Defendant which are part of the Subject Properties or the proceeds thereof to the Receiver, to undertake whatever actions are reasonable or necessary to collect the accounts receivable of the Defendant, and to compromise the amounts owing from account debtors of the Defendant if in the Receiver's reasonable business judgment it is appropriate to do so;

21. The Receiver is authorized to institute ancillary proceedings in this or in other states as are reasonable or necessary to preserve and protect the Subject Properties and receivership estate, to collect upon accounts receivable which are part of the Subject Properties to obtain possession and collect any other part of the Subject Properties, and to defend himself from the action of others;

22. The Receiver shall have no responsibility for filing federal and state income tax returns or federal or state payroll tax returns and shall not be responsible for paying any unpaid federal and state payroll taxes and expenses of the Defendant. The responsibility for such filings and payments lies exclusively with the Defendant and its agents, servants, employees and representatives;

23. The Receiver shall not be obligated to upgrade the Subject Properties or make any improvements thereto, unless and until ordered to do so by this Court;

24. The Receiver shall not be obligated to contribute personal funds in the performance of his duties hereunder;

25. Any security or other deposits which tenants of the Subject Properties have paid to the Defendant or its agents and which are not paid to the Receiver and over which the Receiver has no control, shall be obligations of the Defendant and may not be refunded by the Receiver without an order of the above entitled Court. Any other security or other deposits which tenants of the Subject Properties have paid or may pay to the Receiver, if otherwise refundable under the terms of their leases or agreements with the Receiver, shall be refundable by the Receiver in accordance with such leases or agreements;

26. Defendant is ordered to promptly notify the Receiver of the names, addresses and telephone numbers of all parties and their counsel who appear in the above-entitled action, so that the Receiver may give notice to all parties of any matters affecting the receivership estate;

27. No person or entity shall file suit against the Receiver, in his capacity as Receiver over the Subject Properties or take other action against the Receiver, without an order of this Court permitting the suit or action provided, however, that no prior court order is required to file a motion in this action to enforce the provisions of this Order or any other order of this Court in this Action; and

28. The receivership estate and its employees, agents, attorneys and all professionals and management companies retained by the Receiver shall have no liability for any obligations, or debts incurred by the Defendant. The Receiver and its employees, agents and attorneys shall have no personal liability, and they shall have no claim asserted against them relating to the Receiver's duties under this Order, without prior authority from this Court as stated in paragraph 27 above.

IT IS FURTHER ORDERED that the Receiver shall have the power to take possession of all of the books and records pertaining to the Subject Properties including without limitation the following described records of the Defendant, items, permits, licenses, blueprints, architectural documents, plans and specifications from the Defendant as the Receiver deems necessary for the proper administration, management and/or control of the estate (collectively, the "Records"), but the Records shall be made available to the Defendant as is reasonably necessary;

provided, however, the Receiver shall not have any power to take possession of any of the following books and records which are subject to the attorney-client privilege which exists between the Defendant and any of its legal counsel:

  a. keys;

  b. books, records, checkbooks, ledgers, accounts payable and accounts receivable records;

  c. leases including all communication/correspondence files;

  d. rent rolls;

  e. tenant contact names and telephone numbers;

  f. occupant ledgers;

  g. a current aged account receivable/delinquency report;

  h. an aged listing of all trade payables and other payables;

  i. documents identifying and summarizing all pending litigation (excluding this action);

  j. documents pertaining to all pending new leases or renewals;

  k. tenant and vendor insurance certificates;

  l. existing executory contracts and service contracts;

  m. pending bids for contractor work;

  n. on-site employee payroll records;

  o. documents, books, records and computer files of the Defendant related to the operation and management of the Subject Properties, all passwords needed to access same if not provided in CD or other reasonable electronic format, and all other records of the Defendant concerning the income, and operation and management of the Subject Properties;

  p. lists of utilities providers and utilities accounts;

  q. inventories of all equipment, furniture, vehicles, and supplies;

  r. operating statements and year-to-date 2010 operating statements;

  s. site plans, specifications, floor plans, drawings, measurements, *etc.*;

       t. list of historical common area maintenance charges and operating expenses for the Subject Properties;

       u. computer equipment, software, management files, equipment of the Defendant located at the Subject Properties, furniture and supplies of the Defendant located at the Subject Properties, and all passwords needed to access all software and computer files of the Defendant relating to the operation and management of the Subject Properties, maintained at the on-site management office(s) (and all off-site financial records) including the office located at the Subject Properties if not provided in CD or other reasonable electronic format; and

       v. information concerning all insurance claims submitted in the past three years concerning the Subject Properties.

   IT IS FURTHER ORDERED that, in view of the unique nature of the Subject Properties, the limited purpose to which they may be used, and the size and value of the Subject Properties, it is in the best interest of the receivership estate that the Receiver attempt to sell any of the Subject Properties at private sales, through direct negotiations with respect to purchasers, and the Receiver is authorized to do so and shall employ the following sales procedures with respect to the sale of any of the Subject Properties if and only if the Plaintiff, in its sole discretion, provides written instructions for the Receiver to sell one or more of the Subject Properties:

      .The Receiver shall retain one or more brokers to list any of the Subject Properties for sale (collectively, the "Broker") subject to the written approval of the Plaintiff and this Court;

      b. All offers to purchase any of the Subject Properties thereof shall be presented in writing by the Broker to the Receiver.  On or before two business days have elapsed from the date of the Receiver's receipt of any offer to purchase any of the Subject Properties in question (the "Sale Offer"), the Receiver shall deliver a copy of the Sale Offer via electronic mail to (i) Robert B. Kaplan, Esq., counsel for the Plaintiff via electronic mail, at RBK@jmbm.com, and (ii) counsel for the Borrowers in this Action (collectively, the "Sales Parties");

10

c.  The Receiver shall have the right, in his sole discretion, to accept, reject, and/or make a counteroffer to any Sale Offer, and shall provide notice in the manner set forth in section b above of any acceptance, rejection and/or counteroffer to the Sale Parties concurrently with the delivery of the counteroffer to the proposed buyer;

d.  The Receiver shall have the right, in his sole discretion, to accept any Sale Offer, (the "Accepted Offer") and to perform such acts as reasonably may be required to sell any of the Subject Properties or any portion thereof and to execute all documents and instruments reasonably necessary related thereto to close any escrow established for the sale of any of the Subject Properties, and to transfer title of any of the Subject Properties to a buyer; provided, however, that any Accepted Offer shall be solely subject to the written approval of the Plaintiff, in its sole discretion;

e.  Any actions taken by the Receiver to sell any of the Subject Properties shall not constitute or create a representation or warranty by the Receiver as to any aspect of the sale of any of the Subject Properties and any such sale shall be "as is", "where is", "with all faults" and with no representations and/or warranties, and shall be without risk or liability to the Receiver and/or the receivership estate;

f.  Any Accepted Offer shall state to the buyer of any of the Subject Properties that the Accepted Offer is subject to approval by this Court without overbid;

g.  A motion to approve and confirm a sale of one or more of the Subject Properties pursuant to a purchase and sale agreement which is executed in connection with each Accepted Offer ("PSA") may be made on no less than 35 days notice to the parties to the Action, unless this Court enters an Order allowing such a motion to be heard on shortened time;

h.  All proceeds of sale paid to the Receiver including, but not limited to, any commissions owed to the Broker in connection with the closing of any sale approved by this Court pursuant to an Accepted Offer, shall be distributed as set forth in any Order entered by this Court approving of an Accepted Offer;

     i. Notwithstanding the provisions of 28 U.S.C. § 2001(b), the Plaintiff and Defendant has waived the provisions thereof that (1) require the Court to appoint three disinterested persons to appraise any of the Subject Properties which is the subject of an Accepted Offer or different groups of three appraisers to appraise the Subject Properties which is the subject of the Accepted Offer, (2) require that no private sale of the Subject Properties can be confirmed at a price which is less than two-thirds of its appraised value, and (3) permit overbidding with respect to any sale of the Subject Properties which is the subject of Accepted Offer;

     j. Defendant shall at all times cooperate, and cause its agents and attorneys to cooperate, with any reasonable request of the Receiver, in a timely and prompt manner, in connection with any efforts made by the Receiver to sell and/or lease the Subject Properties including without limitation all commercial and reasonable efforts of Receiver to promote, advertise, document and close the sale or leasing of the Subject Properties; and

     k. The Receiver shall (1) deliver via electronic mail to counsel for the Sales Parties a copy of a fully executed PSA or each proposed sale of the Subject Properties which is the subject of an Accepted Offer within two business days (as that term is defined in the Non-Interference Agreement) after execution, (2) provide five business days advance notice via electronic mail to counsel for the Sales Parties of the Closing Date of any sale of the Subject Properties pursuant to a PSA which has been approved by the above-entitled Court and any changes thereto, and (3) deliver via electronic mail to counsel for the Sales Parties notice that a sale pursuant to an approved PSA has been closed and a copy of a deed transferring ownership of each of the Subject Properties which is the subject of an approved PSA, on or before seven business days have elapsed from the closing date.

### **PRELIMINARY INJUNCTION IN AID OF RECEIVER**

IT IS FURTHER ORDERED that the Defendant, and all persons and entities now in possession of any part of the Subject Properties and not holding under valid leases, or rental agreements, shall forthwith surrender their possession thereof to said Receiver, and that all tenants or lessees in possession of any part of the Subject Properties, and such other persons or entities as

may be lawfully in possession thereof, are hereby directed to attorn as tenants, or lessees to said Receiver.

IT IS FURTHER ORDERED that the Defendant and its agents, employees and representatives, and all persons or entities acting under or in concert with the Defendant, are restrained and enjoined from engaging in or performing, directly or indirectly, any or all of the following acts and shall cooperate with the Receiver in all respects with respect to the following acts:

.Interfering with or hindering in any way whatsoever the Receiver in the performance of the Receiver's duties herein described and in the performance of any duties incident thereto;

2.   Interfering in any manner with the Subject Properties, including its possession;

3.   Transferring, conveying, assigning, pledging, deeding, selling, renting, leasing, encumbering, changing ownership of, vesting of title to, or otherwise disposing of the Subject Properties; and

4.   Terminating or otherwise affecting any of the utilities which service the Subject Properties; provided however, the Receiver shall be responsible for paying for the utilities which service the Subject Properties on and after the date that the Receiver takes possession of each of the Subject Properties.

IT IS FURTHER ORDERED that:

.The Defendant, its agents, servants, employees or representatives, or any persons or entities acting under or in concert with Defendant, shall immediately give to Receiver electronic access to the records and all other documents and papers of Defendant pertaining to the operation of the Subject Properties and promptly shall provide copies of same as requested by the Receiver over to the Receiver the Records and all other documents and papers of the Defendant pertaining to the operation of the Subject Properties and shall turn over to the Receiver all Rents in the possession of the Defendant, if any; and

2.   The Plaintiff and its officers, employees and agents shall have immediate

access to the Subject Properties to enable them to view and inspect the Subject Properties for the purposes of appraisal.

IT IS FURTHER ORDERED that the Receiver is not authorized to take possession of any monies of the Defendant except for those which are the Rents of the Subject Properties as that term is defined in the Loan Documents.

IT IS FURTHER ORDERED that the requirement that the Plaintiff file an undertaking pursuant to Federal Rule of Civil Procedure 65(e) is hereby waived.

IT IS FURTHER ORDERED that nothing contained in this Order shall grant the Receiver the power to file a petition on behalf of the Defendant under the United States Bankruptcy Code or any other reorganization, arrangement, adjustment, liquidation, dissolution, assignment for the benefit of creditors or to seek any other relief under any law relating to bankruptcy, insolvency, arrangement or any other debtor relief law.

IT IS FURTHER ORDERED that nothing contained in this Order shall prejudice any rights granted to the Defendant under that certain Order Granting Trustee's Motion for Order Authorizing Trustee to (1) Reject Unexpired Nonresidential Real Property Leases; and (2) Surrender Possession of Leased Premises entered on July 29, 2010 in the United States Bankruptcy Court for the Central District of California in those jointly administered Chapter 7 cases entitled In re Architectural Group, LLC, Case No. 2:11-bk-30486-RN, 2:11-bk-30496-RN, 2:11-bk-30504-RN and 2:11-bk-30507RN ("Rejection Order") pursuant to paragraphs 6 and 7 thereof; provided, however, that any Rents collected by the Defendant pursuant to the Rejection Order shall be turned over to the Receiver on or before five business days have elapsed from Defendant's receipt thereof.

IT IS SO ORDERED.



Dated:  August 30, 2011

DONNA M. RYU

United States Magistrate Judge