Phillip K. Wang (CA SBN 186712)
Marcus O. Colabianchi (CA SBN 208698)
Philippe A. Toudic (SBN 173819)
**DUANE MORRIS LLP**
One Market Plaza
Spear Street Tower, Suite 2200
San Francisco, CA  94105-1127
Telephone: (415) 957-3000
Facsimile: (415) 957-3001
Email: pwang@duanemorris.com
　　　 mcolabianchi@duanemorris.com

Attorneys for Receiver
J. ERIC JOHNSON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WELLS FARGO BANK, NA, as Trustee for the Registered Holders of J.P. Morgan Chase Commercial Mortgage Securities Trust 2007-CIBC 20 Commercial Mortgage Pass-Through Certificates, Series 2007-CIBC 20, acting by and through C-III Asset Management, its Special Servicer,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>ALUM LANDLORD (DE) QRS16-105 INC.,<br><br>　　　　　Defendant. | Case No. 4:11-03937-DMR<br><br>**NOTICE OF MOTION AND MOTION BY RECEIVER FOR ORDER APPROVING FINAL ACCOUNT AND REPORT, APPROVING DISBURSEMENTS, DISCHARGING RECEIVER, AND EXONERATING RECEIVER'S BOND**<br><br>Hearing:<br>Date:　　　　December 12, 2013<br>Time:　　　　11:00 a.m.<br>Courtroom:　4, 3rd Floor<br>Judge:　　　　Magistrate Judge Donna M. Ryu<br><br>Action Filed:　August 11, 2011 |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on December 12, 2013 at 11:00 a.m. in Courtroom 4, 3rd Floor, of the above-titled United States District Court, located at 1301 Clay Street, Oakland, California, or as soon thereafter as the matter may be heard, J. Eric Johnson, the Court-appointed receiver in this matter ("Receiver") will, and hereby does, move the Court for an Order approving the Receiver's final account and report, approving distributions, discharging the Receiver, and

1  exonerating the Receiver's bond pursuant to Fed.R.Civ.P. 66, Civil L.R. 66, and other applicable
2  authority.  Pursuant to the stipulated judgment entered on or about September 19, 2011, the Court
3  retained jurisdiction to approve the Receiver's final account and report. [Docket ## 13 – 14.]
4     The motion will be made on the grounds that the real property at issue in this matter was sold
5  through a trustee's sales and there is no further need for the receiver's services.  The motion will be
6  made on the further grounds that the Receiver has performed all duties required of him and
7  accounted for all funds coming into his hands.  The motion will be based upon this Notice and the
8  attached Memorandum of Points and Authorities, the accompanying Declaration of J. Eric Johnson
9  and the Final Account and Report attached as Exhibit 1 thereto.

10  Dated:  November 5, 2013          **DUANE MORRIS LLP**

12                 By:   /s/ Phillip K. Wang (SBN 186712)
                        PHILLIP K. WANG
13                      Attorneys for Receiver
                        J. ERIC JOHNSON

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On August 30, 2011, this Court entered an order appointing Receiver (the "Order"). Upon his appointment, the Receiver filed his oath and bond and took possession, custody, and control of the real and personal properties described in the Order located at (1) 6969 West 73rd Street, Bedford Park, Illinois, (2) 5625 Firestone Blvd., South Gate, California, (3) 30526 San Antonio Street, Hayward, California, (4) 3663 Bandini Boulevard, Los Angeles, California, (5) 2500 E. Chambers Street, Phoenix, Arizona, (6) 720 Cel-River Driver, Rockhill, South Carolina, and (7) 200 Silber Road, Houston, Texas (collectively, the "Properties").

On September 19, 2011, the Court entered a Judgment Pursuant to Stipulation ("Stipulated Judgment") under which Plaintiff Wells Fargo Bank, N.A., as Trustee for the Registered Holders of J.P. Morgan Chase Commercial Mortgage Securities Trust 2007-CIBC 20 Commercial Mortgage Pass-Through Certificates, Series 2007-CIBC 20 ("Plaintiff" or "Wells Fargo"), was adjudged to be entitled to specific performance and appointment of a receiver. Under the Stipulated Judgment, the Court retained jurisdiction over the Receiver to carry out his duties pending approval of the Receiver's final account and report.

Between June 2, 2012 and March 7, 2013, the Properties were sold through nonjudicial foreclosure sales and management of the Properties was turned over to the purchasers, as detailed in the Receiver's Final Account and Report, filed herewith. With the exception of the real property located at 3663 Bandini Boulevard, Los Angeles, California, which was purchased by Burlington Northern Railroad, the Properties reverted to Plaintiff. Since the Properties have been sold and title has transferred, there is no further need of the receivership.

## II. DISCUSSION

"In effecting the final discharge of the receiver, the court must have a full accounting by him, upon notice and hearing." *Pinoche Mines Consolidated, Inc. v. Dolman*, 333 F.2d 257, 276 (D.Nev. 1964), *cert. denied*, 380 U.S. 956 (1965).

Attached as Exhibit 1 to the Declaration of J. Eric Johnson ("Johnson Dec."), filed herewith, is the Receiver's Final Account and Report, detailing the activities of the Receiver, the disposition of

the Properties, the interim distribution of funds to Plaintiff, and the interim payment of Receiver's fees, property management fees, and legal fees. Johnson Dec. ¶ 2. The Receiver certifies the accuracy of the accounting. *Id.*, Ex. 1 p. 7:18. During the course of the receivership, the Receiver prepared and served on all parties interim reports regarding the operation of the Properties, including distributions made, and fees and costs paid. *Id.* ¶ 2 No objections to these interim reports were received. *Id.*

### A.   Status of the Properties at the Commencement of the Receivership.

As set forth in the Final Account and Report, upon the commencement of the receivership, the real properties located at 6969 W. 73rd Street, Bedford Park, IL and 720 Cel-River Road, Rock Hill, SC were occupied by C.R. Lawrence Co., Inc. ("C.R. Lawrence"). Johnson Dec., Ex. 1. p. 3. The Receiver obtained one year extensions of the leases of the foregoing properties on existing terms. *Id.* In addition, the Receiver was successful in prosecuting a tax appeal that resulted in an annual savings of $200,828.00. *Id.* The Receiver conducted negotiations for the sale of the two properties above with both C.R. Lawrence and L & D Real Estate Holdings, LLC, including drafting of a purchase and sale agreement. *Id.* A sale was not completed prior to the foreclosure sale, however. *Id.*

At the commencement of the receivership, two other properties, located at 30526 San Antonio Street, Hayward, CA and 2000 Silber Road, Houston, TX, were occupied by International Window Company. Johnson Dec., Ex. 1 p. 4. The Receiver conducted market research and negotiated a month to month tenancy at the rate of $45,000 per month for the Hayward property and $20,000 per month for the Houston Property. *Id.* The monthly rental was sufficient to cover expenses and maintenance of these properties. *Id*. International Window, which continued its tenancy throughout the receivership, expressed an interest in purchasing the Hayward and Houston properties but the parties were unable to reach agreement. *Id.*

The properties located at 3663 Bandini Boulevard, Los Angeles, CA, 5625 Firestone Boulevard, South Gate, CA, and 2500 E. Chambers Street, Phoenix, AZ, were vacant at the commencement of the receivership and remained vacant until sold at foreclosure sales. *Id.*

### B. Disposition of the Properties Through Foreclosure Sales and Status of the Receivership Estate.

On June 2, 2012, the property located at 2000 Silber Road, Houston, TX was sold at a nonjudicial foreclosure sale and reverted to Plaintiff. Johnson Dec., Ex. 1, p. 4. At Plaintiff's direction, management of the property was transferred to Arcadian Real Estate Group. *Id.* A final accounting with respect to the Houston, TX property was included in the Receiver's report for June 2012, served on the parties on or about July 20, 2012. *Id.*. There were no objections to the June 2012 report or the final accounting. *Id.*

On July 13, 2012, the property located 2500 E. Chambers Street, Phoenix, AZ was sold at a trustee's sale and reverted to Plaintiff. Johnson Dec., Ex. 1 p. 4. At Plaintiff's direction, management of the property was transferred to NAI Horizon Real Estate Services. *Id.* A final accounting with respect to the Phoenix, AZ property was included in the Receiver's report for August 2012, served on the parties on or about September 20, 2012. *Id*. pp. 4 – 5. There were no objections to the August 2012 report or the final accounting. *Id.* p. 5.

On September 6, 2012, the three California properties, located at 3663 Bandini Boulevard, Los Angeles, CA, 5625 Firestone Boulevard, South Gate, CA, and 30526 San Antonio Street, Hayward, CA were sold at trustee's sales. Johnson Dec., Ex. 1 p. 5. The Los Angeles, CA property was purchased by Burlington Northern Railroad, which took possession and assumed management upon foreclosure. *Id.* The South Gate, CA property reverted to Plaintiff and, at Plaintiff's direction, management was assumed by CB Richard Ellis upon foreclosure. *Id.* The Hayward, CA property also reverted to Plaintiff and, at Plaintiff's direction, management was assumed by NAI Horizon Real Estate Services. *Id.* Final accounting reports for the foregoing properties were included with the Receiver's report for September 2012, served on the parties on or about October 24, 2012. *Id.* There were no objections to the September 2012 report or the final accountings. *Id.*

On March 4, 2013, the property located at 720 Cel-River Drive, Rock Hill, SC was sold via trustee's sale and reverted to Plaintiff. Johnson Dec., Ex. 1 p. 5. At Plaintiff's direction, management of the Rock Hill property was transferred to CB Richard Ellis. *Id.* The final accounting for the Rock Hill, SC property, dated October 2013, is attached to the Final Account and

Report as Exhibit A. *Id.* p. 5.

On March 7, 2013, the property located at 6969 W. 73rd Street, Bedford Park, IL was sold via trustee's sale and reverted to Plaintiff. Johnson Dec., Ex. 1 p. 6. At Plaintiff's direction, management of the Bedford Park property was transferred to Hiffman Company shortly after foreclosure. The final accounting for the Bedford Park, IL property, dated October 2013, is attached to the Final Account and Report as Exhibit B. *Id.*

On November 11, 2012, at Plaintiff's direction, the Receiver transferred the sum of $1,005,824.17 to Plaintiff from the receivership accounts, which sum represents income of the Properties. Johnson Dec., Ex. 1 p. 5. The transfer is reflected in the Consolidated Detail Profit and Loss Statement included in the Receiver's November 2012 report, served on the parties on or about December 27, 2012. *Id.* There were no objections to the November 2012 report. *Id.* The Receiver seeks the Court's approval of the foregoing transfer.

The Receiver currently holds the sum of $103,823.31 which the Receiver be distributed to Plaintiff after deducting final expenses. Johnson Dec., Ex. 1 p. 7. The Receiver seeks the Court's approval of the payment of Receiver's fees in the amount of $101,860, on an interim basis in accordance with the Order. *Id.* p. 7. The Receiver also seeks the Court's approval of the payment of property management fees in the amount of $112,600, paid to Cushman & Wakefield on an interim basis in accordance with the Order. *Id.* The Receiver further seeks the Court's approval of the payment of legal fees to Duane Morris LLP in the amount of $29,595.23, of which $24,055.23 was paid on an interim basis in accordance with the Order and $5,540.10 remains outstanding. *Id.* The Receiver also seeks authority to pay final legal fees in the amount of up to $2,000.00, with any remainder to be distributed to Plaintiff.

///
///
///
///
///

### III.   CONCLUSION

Having accounted for all of the property and funds coming into his hands, the Receiver asks the Court approve the Receiver's Final Account and Report, that the Receiver have no further liability in this matter, that the Receiver be discharged and the Receiver's bond be exonerated.

Dated:  November 5, 2013              **DUANE MORRIS LLP**

By:   /s/ Phillip K. Wang (SBN 186712)
    PHILLIP K. WANG
    Attorneys for Receiver
    J. ERIC JOHNSON